(No. 76-CC-1807—

VERNICE BIBBS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 18, 1981.*

CORNFIELD & FELDMAN, for Claimant.

TYRONE C. FAHNER, Attorney General (PAUL SENG-PIEHL, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter coming to be heard upon the motion for judgment in favor of Respondent, and it appearing to the Court that Claimant has received due notice of said motion, and the Court being fully advised in the premises;

Finds that Claimant filed a grievance for being denied the right to attend the November 1974 training class in preparation for a promotion to Mental Health Technician II; that during the pendency of the grievance, Claimant did in fact attend a training class and received a certification of completion on June 9, 1975; that Claimant's name was placed on an eligibility list from which she was duly promoted on September 16, 1975, in full compliance with Rule 2—170 for the Department of Personnel Rules; that after Claimant was promoted, the Department of Mental Health hearing officer ruled that Claimant was denied the right to attend the November 1974 training class and was entitled to additional retroactive back pay as if she had been promoted to Technician II in November 1974; that the hearing officer's ruling of additional retroactive back pay as if Claimant had been promoted in November 1974 was in direct conflict with Rule 2—170 of the Department of Personnel Rules and was in direct conflict with Section 9 of the Finance Act (Ill. Rev. Stat. 1973, ch. 127, par. 145); that even if Claimant had attended the November 1974 training session, Claimant would still be classified as a

"trainee" for the entire period of this claim, which is consistent with this Court's ruling in *Anderson v. State* (1980), 34 Ill. Ct. Cl. 316, where this court denied the additional wages for a trainee.

It is hereby ordered that the motion of Respondent for judgment in favor of Respondent be and the same is hereby granted and the claim is hereby denied.